CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 25 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND TATE, | ) | CASE NO. 7:19CV00290 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondents. | ) | |

Raymond Tate, a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking for release from detention because limited law library access in prison interfered with his ability to collaterally attack his federal conviction and sentence. After review of the record, the court will summarily dismiss the petition.

I.

In November 2008, Tate was indicted in the United States District Court for the Eastern District of Tennessee in Chattanooga for distribution of 50 grams or more of cocaine base ("crack"). Tate v. United States, No. 1:08-CR-118-HSM-WBC, 2015 WL 5089139, at *1 (E.D. Tenn. Aug. 27, 2015). After Tate developed conflicts with three, successive court-appointed attorneys, he waived his right to counsel and elected to represent himself with standby counsel. Id. at *2. A superseding indictment returned in June 2009 recharged Tate with the distribution offense and added three additional charges arising from allegations that Tate had attempted to kill a confidential informant by shooting her in the face to prevent her from communicating with law enforcement or testifying against him. Id. In November 2009, Tate was convicted by a jury on all charges. Id. at *6. He is serving a sentence of life plus ten years in prison. Id. at *7. His direct appeal was unsuccessful. Id. at *8.

In February 2013, Tate filed his first motion under 28 U.S.C. § 2255, which the trial court dismissed as without merit. Id. at *20. Tate appealed, seeking a certificate of appealability on the merits of his constitutional claims in the § 2255. Pet. 2, ECF No. 1. On March 28, 2016, he filed a second § 2255 motion, raising the same constitutional issues as presented in his first § 2255 motion. In addition, Tate "complained about prison officials not furnishing adequate law libraries or adequate assistance from persons trained in the law in violation of Lewis v. Casey, 518 U.S. 343 (1996)." Id. On April 4, 2016, the district court transferred Tate's second § 2255 motion to the United States Court of Appeals for the Sixth Circuit as a second or successive motion under 28 U.S.C. §§ 2244(b) and 2255(h). On April 8, 2016, the Sixth Circuit denied a certificate of appealability regarding the district court's denial of his initial § 2255 motion, No. 15-6066, and later denied Tate certification to file the second § 2255 motion.

On March 30, 2016, while Tate's appeals regarding his § 2255 motions were pending in the Sixth Circuit, prison officials at a federal prison in Louisiana placed him in the Special Housing Unit ("SHU"), where he remained until June 15, 2016. While in the SHU, Tate could access a law library computer, at most, only once per week for about an hour and had no access to other legal materials or persons with legal training. On April 18, 2016, under certain Sixth Circuit rules, Tate challenged the April 8, 2016 order denying him a certificate of appealability in No. 15-6066. On June 8, 2016, the Court denied that motion, finding that the April 8, 2016, order was not reviewable under the cited rules.

On June 15, 2016, officials transferred Tate, and after a period in transit with no access to legal materials, he arrived at the United States Penitentiary in Lee County, Virginia ("USP Lee"), on June 29, 2016. At USP Lee, Tate had access to law library computers and typewriters, but no help from persons trained in the law.

On July 14, 2016, Tate filed a motion to reinstate his § 2255 appeal, No. 15-6066, in the Sixth Circuit, complaining about his lack of access to legal materials in the federal prisons in Louisiana and Virginia. The Court informed him that No. 15-6066 was closed by final order and would not be reinstated. Tate missed the deadline to file a petition for a writ of certiorari in the United States Supreme Court regarding No. 15-6066.

In July 2017, Tate filed another § 2255 motion, assigned No. 17-5833 in the Sixth Circuit, raising the lack of access claims included in the present case. In January 2018, the Sixth Circuit entered an order in No. 17-5833, denying Tate leave to file a second or successive § 2255 motion. The Court stated,

> Tate's First Amendment claim is not the proper subject of a § 2255 motion. Although a § 2255 motion is a post-conviction remedy, it cannot be used to pursue every post-conviction claim and is instead limited to claims concerning the validity of a conviction or sentence. Tate's First Amendment claim concerns his access to legal materials in relation to his § 2255 motion and, therefore, has no bearing on the validity of his conviction or sentence.

Pet. at 4, ECF No. 1.

Tate filed his § 2241 petition in this court in April 2019, arguing that inadequate access to legal materials in prison prevented him from perfecting his petition for a writ of certiorari in the Supreme Court regarding his § 2255 appeal in July 2016, in violation of his First and Fifth Amendment rights. As relief, Tate asserts that under § 2255(e) and § 2241, this court should order his release from confinement.

II.

A prisoner must, generally, use a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction and sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court has no jurisdiction to entertain a petition for a writ of habeas corpus under § 2241 challenging the validity of an inmate's detention under a federal court

3

judgment unless a § 2255 motion is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Tate cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Without question, distribution of 50 grams or more of cocaine base and attempting to kill a confidential informant are still violations of federal criminal law.

An even more stringent standard applies to § 2241 challenges to the legality of an inmate's sentence as imposed. To bring such claims, the prisoner must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. Tate fails to show that his sentence now constitutes "an error sufficiently grave to be deemed a fundamental defect" in light of particular changes in substantive law that occurred after his initial § 2255 motion and have also been found to apply retroactively in a collateral proceeding. Id. For the stated reasons, Tate cannot use § 2255(e) to raise his current claims under § 2241, pursuant to In re Jones or Wheeler.

4

Moreover, as the Sixth Circuit has already held, Pet. at 4, ECF No. 1, Tate's claims that prison policies or officials have interfered with his right to access the courts are not habeas corpus claims. Habeas corpus petitions are reserved for attacks on the fact or duration of the petitioner's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to conditions or restrictions that the inmate encounters while in prison (such as limited access to legal materials) fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law.[1] See Nelson v. Campbell, 541 U.S. 637, 643 (2004). Because Tate's petition challenges only conditions of his confinement that do not undermine the constitutional validity of the fact or the duration of his confinement under his federal criminal sentence, the court will summarily dismiss his petition without prejudice for lack of jurisdiction. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 25th day of June, 2019.

_____
Senior United States District Judge

---

[1] The Supreme Court's decision in Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971), authorized a cause of action for damages against a federal officer for violations of constitutional rights. It appears that Tate's claim in this action—alleging inadequate access to legal materials deprived him of his right to pursue a timely petition for a writ of certiorari from the denial of his initial § 2255 motion in 2016— is time barred. See Bloch v. Exec. Office of the President, 164 F. Supp. 3d 841, 860 n. 27 (E.D. Va. 2016) (noting that the statute of limitations for Bivens actions is the personal injury statute of limitations for the forum in which the claim arises, and in Virginia, that statutory limit is two years) (citing Va. Code Ann. § 8.01-243(A)). Therefore, the court declines to construe Tate's pleading as a Bivens complaint.