**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **RAYMOND TATE,** ) | CASE NO. 7:19CV00290 |
| ) | |
| Petitioner, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **UNITED STATES OF AMERICA, ET AL.,** ) | By: Glen E. Conrad |
| ) | Senior United States District Judge |
| Respondents. ) | |

Raymond Tate, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that difficulties preparing timely legal pleadings because of prison conditions entitled him to habeas relief in the form of release from confinement. The court summarily dismissed Tate's petition, and Tate appealed. On December 20, 2019, the court of appeals affirmed the dismissal order as modified, noting as follows:

> Although we discern no reversible error in the court's assessment of Tate's petition, we disagree with the court's conclusion that it lacked jurisdiction because the claims Tate raised were not cognizable in a § 2241 petition. See Crosby v. City of Gastonia, 635 F.3d 634, 643 (4th Cir. 2011) (noting that, generally, where complaint insufficiently pleads substantial, nonfrivolous federal claims, appropriate disposition is dismissal for failure to state a claim, not for lack of subject matter jurisdiction). Accordingly, we grant leave to proceed in forma pauperis and affirm as modified to reflect a judgment on the merits.[1]

Tate v. United States, 788 F. App'x 224 (4th Cir. 2019). In 2020, Tate attempted to reraise the same claims in a new § 2241 petition that this court summarily dismissed as without merit. See Tate v. United States, No. 7:20CV00245, 2020 WL 6487673, at *1 (W.D. Va. Nov. 4, 2020) ("Because the Fourth Circuit has already affirmed this court's prior dismissal of Tate's § 2241

---

[1] The claim alleged in Tate's § 2241 petition appears to be that in 2016, prison restrictions hampered his ability to achieve relief from orders by the court of appeals that denied him review on the merits of his motion under 28 U.S.C. § 2255.

claims under the First and Fifth Amendment on their merits, . . . this court finds no basis on which to grant the relief that Tate seeks on these claims in his current § 2241 petition.")

Now, Tate has moved for reconsideration of the dismissal of this case, No. 7:19CV00290, apparently asserting that based on unspecified additional facts, he should now be allowed to amend the petition, nearly a year after the court of appeals affirmed the dismissal of his claims as lacking merit. The court cannot agree. Simply stated, the court is satisfied that Tate cannot state facts to entitle him to release from prison because prison conditions hampered his ability to challenge a court of appeals' ruling on his motion under 28 U.S.C. § 2255, as he alleges. Therefore, the current motion for reconsideration in this case will be denied. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTER**: This \_\_224th\_\_ day of November, 2020.

_____
Senior United States District Judge